# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 17-1913C

Kimberly Steinhoff, Plaintiff(s)

v.

Smith & Nephew Endoscopy, Inc., Defendant(s)

## SUMMONS

To the above named Defendant: Smith & Nephew Endoscopy, Inc.

You are hereby summoned and required to serve upon John Davis, Esq., plaintiff's attorney, whose address is 350 Park St., Park Place Suth, Ste 105, North Reading MA 01864, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton Way, Lawrence, MA 01841, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of           , in the year of our Lord two thousand

TRUE ATTEST COPY
DEPUTY SHERIFF

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____, 20___.       _____

N.B.  TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

|  |
|---|
| , 20 . |

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 1777 CV01913

Kimberly Steinhoff
Plaintiff(s)

v.

Smith+Nephew Endoscopy, Inc.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1777CV01913 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Kimberly Steinhoff vs. Smith & Newphew Endoscopy, Inc. | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: John Davis, Esq. Davis & Davis, P.C. 350 Park St Park Place South Ste 105 North Reading, MA 01864 | | COURT NAME & ADDRESS Essex County Superior Court - Lawrence 43 Appleton Way Lawrence, MA 01841 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/19/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 04/17/2018 | |
| All motions under MRCP 12, 19, and 20 | 04/17/2018 | 05/17/2018 | 06/18/2018 |
| All motions under MRCP 15 | 04/17/2018 | 05/17/2018 | 06/18/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 10/15/2018 | | |
| All motions under MRCP 56 | 11/13/2018 | 12/13/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/12/2019 |
| Case shall be resolved and judgment shall issue by | | | 12/18/2019 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED 12/20/2017 | ASSISTANT CLERK Melissa Lewandowski | PHONE (978)242-1900 |
|---|---|---|

Date/Time Printed: 12-20-2017 14:25:57                                    SCV026\ 11/2014

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Kimberly Steinhof<br>**ADDRESS:** 16605 7th Ave E, Bradenton, Manatee County, Florida 34212 | **DEFENDANT(S):** Smith & Newphew Endoscopy, Inc. | **COUNTY** Essex |
| **ATTORNEY:** John W. Davis<br>**ADDRESS:** Davis & Davis, P.C.<br>360 Park Street Park Place South, Ste. 105<br>North Reading, Massachusetts 01864<br>**BBO:** 648399 | **ADDRESS:** 150 Minuteman Rd, Andover, Essex County, Massachusetts | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | [X] YES [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ......... $
  2. Total doctor expenses ......... $
  3. Total chiropractic expenses ......... $
  4. Total physical therapy expenses ......... $
  5. Total other expenses (describe below) ......... $
        Subtotal (A): $

B. Documented lost wages and compensation to date ......... $ TBD
C. Documented property damages to dated ......... $
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages ......... $ TBD
F. Other documented items of damages (describe below) ......... $ TBD
Attorney Fees

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
pregnancy discrimination and FMLA violation

TOTAL (A-F): $ TBD

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _[signature]_    Date: 12/15/17

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_    Date: 12/15/17

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                                    SUPERIOR COURT
                                                                  CIVIL ACTION NO.: _____

)
KIMBERLY STEINHOFF,                       )
    Plaintiff,                                    )
                                                              )
v.                                                            )
                                                              )
SMITH & NEWPHEW ENDOSCOPY, INC.   )
    Defendant                                  )
                                                              )

## COMPLAINT AND JURY DEMAND

### Parties

1. The plaintiff, Kimberly Steinhoff ("Ms. Steinhoff" or "Plaintiff"), is an individual with an address of 16605 7th Ave E, Bradenton, Manatee County, Florida 34212.

2. The Defendant, Smith & Newphew Endoscopy, Inc. ("the Company"), is a British-based corporation with a business location of 150 Minuteman Rd, Andover, Essex County, Massachusetts.

### Facts

3. Ms. Steinhoff was employed by the Company as Finance Business Partner Manager.

4. Ms. Steinhoff worked out of the Company's Andover, Massachusetts location.

5. Ms. Steinhoff reported to Simon Allison, Finance Senior Director, who was based in the Andover, Massachusetts office.

6. Since starting in January 2015, Ms. Steinhoff consistently met and exceeded the Company's expectations. She was promoted in March 2017.

7. Ms. Steinhoff began maternity leave on or about May 30, 2017. Her maternity leave was scheduled to end August 21, 2017.

8. Soon thereafter, Ms. Steinhoff's husband received a job offer that would require the family's relocation to Florida.

9. Ms. Steinhoff's initial request to work from Florida was approved. The approval made good business sense because Ms. Steinhoff would be closer to Al Kepler, the ENT Sales VP who she supported in Texas.

10. Without explanation, Ms. Steinhoff was notified that the Company's global CEO had vetoed the decision to allow Ms. Steinhoff to return to work in Florida after her maternity leave.

11. On July 25th, Mr. Allison notified Ms. Steinhoff that the Company would explore the possibility of a different, reduced role that focused on inventory. This position would have been a demotion, but the Company never followed through with this job offer.

12. On numerous occasions in which Company employees contacted the Plaintiff while she was on maternity leave, she explicitly communicated her desire to return to work after her maternity leave.

13. Mr. Chahine, the CFO, began interviewing candidates in the first week of July, while Ms. Steinhoff was on maternity leave.

14. In early August 8, HR employee Linda Portrum contacted Ms. Steinhoff while she was still on maternity leave, to request an exit interview.

15. Ms. Steinhoff told Ms. Portrum that she was ready, able and willing to return to work after her maternity leave. Ms. Portrum did not respond.

16. The Company has a history of allowing other employees, who did not take maternity or paternity leave, the opportunity to work remotely.

17. Rob Starr, a Senior Financial Analyst, who works in Andover, Massachusetts reports to a boss in Fort Worth, Texas. Mr. Starr supports managers across the country. Mr. Starr has been granted permission to work remotely from his home office on multiple occasions.

18. Megan Desfosses, a Senior Financial Analyst based in Andover, MA, reports to a boss in Fort Worth, Texas. She works at least one day per week from home. She provides support in FP&A activities for global HQ in the U.K.

19. Michelle-Lee MacInnis, a Project Manager, works at least 3 days per week from her home in Maine, and she comes to Andover office the other 2 days. She reports to a manager in Memphis, Tennessee.

20. Toni Conley, an Onboarding Specialist based in Andover, works at least 1-2 days per week from home, and also reports to a boss in Memphis. She supports people around the country, not focused in Andover, Massachuestts

21. Fina Alfe-Sindoni, the Senior Director of Events Coordination, works full time remotely from her home in Atlanta, Georgia.

22. Kelly Westbrook, the Director of Trade Shows Planning, works full time remotely from her home in Florida and she reports to managers interspersed throughout the country.

## CAUSES OF ACTION

### COUNT I – Pregnancy Discrimination

23. This is a cause of action by the Plaintiff against the Defendant for pregnancy discrimination in violation of Massachusetts General Laws, chapter 151B, § 1, et. seq.

24. The Defendants chose to terminate the Plaintiff because of her childbirth and maternity leave.

25. On information and belief, the Company assumed that the Plaintiff would have more time to dote on her newborn baby if she was granted the opportunity to

work from home without a supervisor to monitor the amount of time spent with her baby.

26. On information and belief, the Company assumed that the Plaintiff would not be as dedicated based upon the fact that she would be working without supervision from her home.

27. As a direct result, the Plaintiff has suffered monetary damages.

### COUNT II – FMLA Violation

28. This is a cause of action by the Plaintiff against the Defendant for violations of the Family Medical Leave Act (FMLA).

29. The Company has violated the Plaintiff's substantive rights when it interfered with Plaintiffs FMLA rights to which the Plaintiff was entitled.

30. As a direct result, the Plaintiff has suffered damages.

31. The Company has also violated the Plaintiff's proscriptive rights, by retaliating against her for asserting this FMLA rights.

32. As a direct result, the Plaintiff has suffered damages.

*The Plaintiff demands a jury trial on all triable issues.*

Respectfully submitted,
Kimberly Steinhoff,
By her attorney,

Dated: December 12, 2017

John W. Davis (BBO #648399)
Davis & Davis, P.C.
350 Park Street
Park Place South, Ste. 105

4

North Reading, Massachusetts 01864
(978) 276-0777
jdavis@davisanddavispc.com